# Third District Court of Appeal

## State of Florida

Opinion filed February 4, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1186
Lower Tribunal No. 25-1941-CA-01
_____

**900 NW 36 Street, LLC,**
Appellant,

vs.

**N. Nafisa, Inc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Rodon Alvarez Law, PLLC, and Nicolas A. Vila, for appellant.

Law Offices of Victor K. Rones, P.A., and Victor K. Rones, for appellee.

Before SCALES, C.J., and LINDSEY and MILLER, JJ.

PER CURIAM.

Affirmed.  See § 83.232(5), Fla. Stat. (2025) ("Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses.  In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon."); Cross v. Edgewood Grande, LLC, 412 So. 3d 199, 200 (Fla. 5th DCA 2025) (reversing "[b]ecause there was no court order requiring Appellant to pay rent into the court registry pursuant to section 83.232(5), Florida Statutes (2023)" but instead the trial court ordered the tenant to make rental payments into a non-court registry account); 34th St., LLC v. Pro-Karting Experience, Inc., 385 So. 3d 167, 168–69(Fla. 2d DCA 2024) (affirming "because [the] Tenant was not previously ordered to deposit monies into the court registry [under section 83.232(5), Florida Statutes (2022)]," and noting the summary judgment order below "expressly order[ed] [the] Tenant to pay the disputed monies directly to Landlord" instead of into the registry of the court).